# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# COURT FILE NO.: _____

| | |
|---|---|
| Cheri Lindquist,<br><br>        Plaintiff,<br>v.<br><br>Global Credit & Collection Corporation,<br>Gus Mastriani, and Patricia Valdmanis,<br><br>        Defendants. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227 *et seq.*, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227 *et seq.* in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transacts business here.

## PARTIES

4. Plaintiff Cheri Lindquist (hereinafter "Plaintiff") is a natural person who resides in the City of Maple Grove, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

5. Defendant Global Credit & Collection Corporation, (hereinafter "Defendant") is a collection agency and foreign corporation operating from an address of 300 International Drive Ste 100, PMB #10015, Williamsville, New York 14221, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Gus Mastriani (hereinafter "Defendant Mastriani") is a natural person(s) who was employed at all times relevant herein by Defendant GCC as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Patricia Valdmanis (hereinafter "Defendant Valdmanis") is a natural person(s) who was employed at all times relevant herein by Defendant GCC as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. In the one-year period immediately preceding the filing of this complaint, Defendants attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a defaulted personal credit card debt with Capital One in the approximate amount of $12,664.00.

9. In the one-year period immediately preceding the filing of this complaint, Defendant GCC and the collectors employed by Defendant GCC repeatedly and willfully contacted Plaintiff on her cellular telephone in an effort to collect this debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. Defendant GCC caused to be made repeated telephone calls to Plaintiff's home and cellular numbers in an effort to collect this debt that failed to contain the notice required by 15 U.S.C. § 1692e(11).

11. These repeated autodialed collection calls were willful and illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692d(6), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others, as well as violations of the TCPA.

### *Illegal Collection Call by Defendant Mastriani*

12. On April 18, 2011 and May 2, 2011, Defendant Mastriani caused to be made pre-recorded calls to Plaintiff leaving voicemail messages threatening the initiation of a possible action against Plaintiff.

13. This message on this occasion was a false and deceptive threat to bring suit, when Defendants had neither the right nor the present ability to do so.

14. All of the above-described collection communications by Defendant Mastriani constitute numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11), and 1692f, amongst others, as well as a violations of the TCPA.

### *Illegal Collection Calls by Defendant Valdmanis*

15. On April 18, 2011, Defendant Valdmanis made a call to Plaintiff's neighbor and asked the neighbor to deliver a written message to Plaintiff to have her call returned.

16. Defendant Valdmanis told the neighbor that she had been trying to get a hold of Plaintiff.

17. Defendant Valdmanis said she was "Patricia" and gave the neighbor her phone number and told her that Plaintiff would know who she was.

18. Thereafter, the neighbor left Plaintiff a voice mail message on Plaintiff's home phone and her husband brought over a hand written note with Defendant Valdmanis's information.

19. The elderly neighbors told Plaintiff that they were worried that it was an emergency call.

20. This call was an upsetting, threatening, and intimidating collection tactic as to Plaintiff, and an illegal third-party contact by Defendant Valdmanis in violation of the FDCPA.

21. In the one-year period immediately preceding the filing of this complaint, Defendant Valdmanis has also left messages for Plaintiff that failed to contain the notices required by 15 U.S.C. § 1692e(11).

22. In the one-year period immediately preceding the filing of this complaint, Defendant Valdmanis made repeated false threats of litigation to collect this debt from Plaintiff.

23. In her collection call to Plaintiff on or around April 25, 2011, Defendant Valdmanis referred to the account as being in "pre-legal" status, or words to that effect.

24. All of the above-described collection communications by Defendant Valdmanis constitute numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692c(a)(1), 1692c(b),

1692d, 1692d(5), 1692d(6), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11), and 1692f, amongst others.

### *Telephone Consumer Protection Act*

25. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

26. At all times relevant to this complaint, the Defendant GCC has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

27. The Defendant GCC at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. § 153(43).

28. The Defendant GCC at all times relevant to the complaint herein engages in "interstate communications" by the TCPA 47 U.S.C. § 153(22).

29. At all times relevant to this complaint, the Defendant GCC has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

30. At all times relevant to this complaint, the Defendant GCC has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

### *Illegal Auto-Dialed Collection Calls*

31. Within four-year period immediately preceding the filing of this lawsuit, Defendant GCC willfully telephoned the Plaintiff's cellular telephone on a number of occasions, and/or left recorded messages on the Plaintiff's answering service in violation of the TCPA.

32. Defendant GCC and its collectors repeatedly called Plaintiff on her cellular telephone using an automatic telephone dialing system and left her voice mails on her cellular telephone in an attempt to collect this debt.

33. These autodialed collection calls from Defendant GCC to Plaintiff were made in willful violation of the TCPA.

### *Respondeat Superior Liability*

34. The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant GCC who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant GCC.

35. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant GCC in collecting consumer debts.

36. By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant GCC.

37. Defendant GCC is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

38. All of the above-described collection communications made to Plaintiff by Defendant GCC and other collection employees employed by Defendant GCC, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of her privacy by the use of repeated calls without any meaningful disclosure of their identity and/or making third party contacts.

**TRIAL BY JURY**

39. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendant GCC and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

42. As a result of Defendant GCC's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant GCC herein.

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. Section 227 *et seq.*

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Within the four-year period immediately preceding this action, the Defendant GCC made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

45. The acts and or omissions of Defendant GCC at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

46. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant GCC at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

47. Defendant GCC did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone and made such calls willfully.

48. Under 47 U.S.C. § 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff.

49. Defendant GCC willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

50. Plaintiff is entitled to injunctive relief prohibiting Defendant GCC from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to the 47 U.S.C. § 227(b)(3)(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants and for Plaintiff;

### COUNT II.

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. Section 227 *et seq.*

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendants and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendants and for Plaintiff;

- for an injunction prohibiting Defendants from contacting the Plaintiff on her cellular telephone using an automated dialing system pursuant to the 47 U.S.C. § 227(b)(3)(a).

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: April 13, 2012        **BARRY, SLADE & WHEATON, LLC**

By:  **s/Peter F. Barry**
Peter F. Barry, Esq.
Attorney I.D.#0266577
2701 SE University Ave, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone:  (612) 379-8800
pbarry@lawpoint.com

pfb/ra        **Attorney for Plaintiff**